IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLLY HENDRICKES,<br>Petitioner | No. 4:23-cv-0797<br><br>(Judge Munley) |
| v. | |
| WARDEN, SCI-MUNCY,<br>Respondent | |

## MEMORANDUM

On May 15, 2023, Petitioner, Dolly Hendrickes, an inmate confined in the State Correctional Institution, Muncy Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. (Doc. 1). She challenges a July 14, 2021, conviction imposed by the Court of Common Pleas of Dauphin County, Pennsylvania. (Id.) A response (Doc. 10) and traverse (Doc. 13) having been filed; the petition is ripe for disposition. For the reasons outlined below, the petition will be denied.

I. **Background**

The factual and procedural background of this case has been extracted from the Pennsylvania Superior Court's July 15, 2022, Memorandum Opinion, granting counsel's motion to withdraw and affirming the judgment of sentence, and is as follows:

> We need not recite the underlying facts at length. In sum, a jury convicted Hendrickes after hearing evidence, including testimony from three eyewitnesses, which established that she had killed her boyfriend by running him over with her car. See Trial Court Opinion, filed December 22, 2021, at 2-6. The court sentenced her to life without the possibility of parole and denied her post-sentence motion.
>
> Hendrickes filed a notice of appeal. The court ordered her to file a concise statement of errors. See Pa.R.A.P. 1925(b). In her statement, Hendrickes raised (1) a challenge to the sufficiency of the evidence to support first degree murder, alleging the evidence supported a heat of passion defense, and (2) the constitutionality of her sentence, alleging that a life sentence without the possibility of parole violates the Pennsylvania Constitution's prohibition against cruel punishments by presuming an offender is incapable of rehabilitation.

(Doc. 10-5, Commonwealth v. Hendrickes, No. 1431 MDA 2021, slip op. at 1-2).

By Memorandum Opinion dated July 15, 2022, the Pennsylvania Superior Court granted counsel's Motion to Withdraw and affirmed Petitioner's judgment of sentence. Id.

Petitioner failed to timely file a petition for allowance of appeal in the Pennsylvania Supreme Court and on December 22, 2022, the Pennsylvania Supreme Court denied Hendrickes' petition for leave to file a Petition for Allowance of Appeal *Nunc Pro Tunc*. See Commonwealth v. Hendrickes, 91 MM 2022, (Pa. 2022). Thus, Petitioner's judgment of sentence became final on August 15, 2022, at the expiration of the thirty-day period for filing a

Petition for Allowance of Appeal to the Pennsylvania Supreme Court. See 42 Pa.C.S. §9545(b)(3). The one-year period for the federal statute of limitations commenced running as of that date. See 28 U.S.C. §2244(d)(1).

Petitioner timely filed the instant federal habeas corpus petition on May 15, 2023. (Doc. 1). She raises the following grounds for relief:

> 1. The Commonwealth failed to provide sufficient evidence of first-degree murder.
>
> 2. A life sentence without the possibility of parole violates the Pennsylvania Constitution's prohibition against cruel and unusual punishments by presuming an offender is incapable of rehabilitation.
>
> 3. Petitioner "would like to have added [her] heresay [sic] statements and remarks by [her] personally."

(Doc. 1 at 5-8).

## II. Legal Standards

### A. Exhaustion and Procedural Default

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants to persons in state or federal custody the right to file a petition in a federal court seeking the issuance of a writ of habeas corpus. See 28 U.S.C. §2254. Pursuant to AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

- 3 -

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is rooted in considerations of comity, to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509, 518 (1982); Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

Respect for the state court system requires that the habeas petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille, 489 U.S. at 351. To "fairly present" a claim, a petition must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 225, 261 (3d Cir. 1999); see also Nara v. Frank, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis to the state courts). A state prisoner exhausted state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004). The habeas petitioner bears the burden of proving exhaustion of all state remedies. Boyd v. Waymart, 579 F.3d 330, 367 (2009).

If a habeas petition contains unexhausted claims, the federal district court must ordinarily dismiss the petition without prejudice so that the petitioner can return to state court to exhaust his remedies. Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). However, if state law would clearly foreclose review of the claims, the exhaustion requirement is technically satisfied because there is an absence of state corrective process. See Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002); Lines v. Larkin, 208 F.3d 153, 160 (3d Cir. 2000). The failure to properly present claims to the state court generally results in a procedural default. Lines, 208 F.3d at 159-60. The doctrine of procedural default bars federal habeas relief when a state court relies upon, or would rely upon, "'a state law ground that is independent of the federal question and adequate to support the judgment'" to foreclose review of the federal claim. Nolan v. Wynder, 363 F. App'x 868,

871 (3d Cir. 2010) (not precedential) (quoting Beard v. Kindler, 558 U.S. 53, 53 (2009)); see also Taylor v. Horn, 504 F.3d 416, 427-28 (3d Cir. 2007) (citing Coleman v. Thompson, 501 U.S. 722, 730 (1991)).

The requirements of "independence" and "adequacy" are distinct. Johnson v. Pinchak, 392 F.3d 551, 557-59 (3d Cir. 2004). State procedural grounds are not independent, and will not bar federal habeas relief, if the state law ground is so "interwoven with federal law" that it cannot be said to be independent of the merits of a petitioner's federal claims. Coleman, 501 U.S. at 739-40. A state rule is "adequate" for procedural default purposes if it is "firmly established and regularly followed." Johnson v. Lee, 578 U.S. 605, 606 (2016) (per curiam) (citation omitted). These requirements ensure that "federal review is not barred unless a habeas petitioner had fair notice of the need to follow the state procedural rule," Bronshtein v. Horn, 404 F.3d 700, 707 (3d Cir. 2005), and that "review is foreclosed by what may honestly be called 'rules' ... of general applicability[,] rather than by whim or prejudice against a claim or claimant." Id. at 708.

Like the exhaustion requirement, the doctrine of procedural default is grounded in principles of comity and federalism. As the Supreme Court has explained:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000).

Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits by the state courts due to procedural default, unless such petitioner can demonstrate: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. Id. at 451; Coleman, 501 U.S. at 750. To demonstrate cause and prejudice, the petitioner must show some objective factor external to the defense that impeded counsel's efforts to comply with some state procedural rule. Slutzker, 393 F.3d at 381 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). To demonstrate a fundamental miscarriage of justice, a habeas petitioner must typically demonstrate actual innocence. Schlup v. Delo, 513 U.S. 298, 324-26 (1995).

### B. Merits Review

The AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts. Woodford v.

Viscotti, 537 U.S. 19, 24 (2002); Werts, 228 F.3d at 196. Pursuant to 28 U.S.C. §2254(d), as amended by AEDPA, a petition for habeas corpus may be granted only if: (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts, 228 F.3d at 196 (citing 28 U.S.C. §2254(e)(1)).

The Supreme Court has explained that, "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000); see also Hameen v. State of Delaware, 212 F.3d 226, 235 (3d Cir. 2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Hameen, 212 F.3d at 235 (citing Williams, 529 U.S. at 388-89). "In further delineating the 'unreasonable application' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and that a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." Werts, 228 F.3d at 196 (citation omitted).

## III. Discussion

Respondent moves to dismiss Petitioner's asserted grounds for relief as procedurally defaulted. (Doc. 10 at 2-4). The Court agrees.

The record reveals that Petitioner has never presented Claim Three, regarding Petitioner's hearsay statements, to any state court. Claims One and Two were also not presented to the state courts, as her counsel did not file an advocate's brief, but rather filed an Anders brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that the issues Petitioner sought to raise on appeal lacked merit and for that reason, counsel moved to withdraw. Accordingly, Petitioner's grounds for relief are unexhausted and procedurally

defaulted as Petitioner would now be precluded from raising them under the PCRA statute of limitations and Pennsylvania's PCRA waiver rule, 42 PA. CONS. STAT. § 9544(b).[1] The waiver rule codified at §9544(b) is an independent and adequate state rule which bars federal habeas review. Patton v. Sup't Graterford SCI, 2017 WL 5624266, at *1 (3d Cir. 2017) ("[T]he state court's reliance on 42 Pa. Cons. Stat. §9544(b) provides an independent and adequate ground to support the judgment."). There is no question that the Pennsylvania courts would not entertain Petitioner's claims at this juncture. Therefore, the Court cannot review the merits of the instant claims absent a showing of cause and prejudice, or that a miscarriage of justice will result absent such review.

Petitioner does not assert any cause for her failure to present her claims to the state courts. In fact, Petitioner did not even oppose counsel's Anders brief, nor did she address Respondent's procedural default argument in her reply. In the absence of cause, the Court does not need to address the issue of prejudice. Nevertheless, Petitioner cannot demonstrate that she

---

[1] 42 Pa. Cons. Stat. §9544(b) provides: "For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."

was prejudiced by the default of her claims and her complaints about the state court's procedure under Anders, lack merit. Recognizing that an attorney is "under an ethical obligation to refuse to prosecute a frivolous appeal," the Supreme Court has held that an attorney may withdraw from representing a client on appeal, so long as the attorney follows a procedure that "affords adequate and effective appellate review to [the] indigent defendant[ ]" and, therefore, "reasonably ensures that an indigent appeal will be resolved in a way that is related to the merit of that appeal." Smith v. Robbins, 528 U.S. 259, 272, 276-77 (2000). In Anders, the United States Supreme Court articulated a procedure designed to protect an indigent appellant's constitutional rights when his attorney moves to withdraw. Pursuant to Anders, appellate counsel must conduct a "conscientious examination" of the case before seeking to withdraw from the case, and then file an appellate brief "referring to anything in the record that might arguably support the appeal." Id. at 744. The defendant must be given a copy of counsel's brief and be provided an opportunity to raise any points he wishes. Id. Then, the appellate court must conduct a "full examination of all the proceedings to decide whether the case is wholly frivolous." Id. "If the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to

withdraw may be allowed and leave to appeal may be denied." Id. at 741-42; see also McCoy v. Ct. App. of Wisconsin, Dist. 1, 486 U.S. 429, 442 (1988). The record in Petitioner's case reveals that appellate counsel followed the proper procedure for withdrawal as articulated in Anders. Specifically, the Superior Court addressed counsel's withdrawal under Anders as follows:

> Counsel's Motion states that he has examined the record and concluded that the appeal is frivolous. In the Anders brief, counsel explains his conclusions that the appeal is frivolous and that a sentence of life without the possibility of parole does not violate the Pennsylvania Constitutions' prohibition on cruel punishment. He includes ample citation to relevant authority and the facts of record. In his letter to Hendrickes, counsel informed her of her right to obtain new counsel or raise any issues before this Court in response to his assertion of frivolousness. Counsel has met all procedural and briefing requirements. See id. We now turn to our own consideration of the case.
>
> Regarding the sufficiency of the evidence, counsel in the Anders brief explains that here, the jury was presented with two versions of events. In the Commonwealth's case, an eyewitness testified that the victim got out of the car and Hendrickes turned [the] vehicle towards him and ran him over. Police officers at the scene testified that Hendrickes was cool, calm, and collected. In contrast, according to Hendrickes' testimony, there was a physical altercation in the car during which the victim threatened to cut her with a box cutter, and when he got out of the car, she ran him over without thinking. Counsel explains that the jury was permitted to believe the Commonwealth's witness and not Hendrickes. He further points out that a heat-of-passion defense, seeking a voluntary manslaughter verdict, was unavailable because the altercation had ended, the victim had gotten out of the car and was walking away when struck, and Hendrickes had time to cool off. See Commonwealth v. Sanchez, 82 A.3d 943,

> 979-80 (Pa. 2013). We agree that there is no basis in law or fact on which to challenge the verdict here.
>
> Hendrickes' sentencing issue is also frivolous. The legislature has mandated that a court shall sentence an adult convicted of first-degree murder to death or life imprisonment without parole. See 18 Pa.C.S.A. §1102(a)(1). A mandatory sentence of life without parole, when imposed on an adult defendant, does not violate the Eighth Amendment on the basis that it precludes consideration of mitigating circumstances. See Commonwealth v. Yount, 615 A.2d 1316, 1321 (Pa.Super. 1992); see also Commonwealth v. Waters, 483 A.2d 855, 861 (Pa.Super. 1984) ("A mandatory life sentence, as established by the legislature, is clearly not cruel and unusual punishment for the crime of first-degree murder"). The Pennsylvania Constitution is coextensive with the federal Constitution on the point of cruel and unusual punishment. See Commonwealth v. Yasipour, 957 A.2d 734, 743 (Pa.Super. 2008). Therefore, the mandatory sentence also does not violate the Pennsylvania Constitution.
>
> Hendrickes has not responded to counsel's Anders brief and withdrawal motion. Our independent review discloses no non-frivolous issues that would require an appeal. We therefore grant counsel's Motion to Withdraw and affirm the judgment of sentence.

(Doc. 10-5 at 3-4).

Given these circumstances, Petitioner cannot demonstrate that she suffered prejudice by failing to challenge the Anders procedure followed by Pennsylvania state court. Finally, the miscarriage of justice exception to the procedural default doctrine does not excuse Petitioner's default, because Petitioner has not provided new reliable evidence of actual innocence.

Accordingly, the Court will deny Petitioner's claims as procedurally barred from habeas review.

## IV. Certificate of Appealability

When a district court issues a final order denying a §2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that the instant petition fails to warrant federal habeas relief and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V. Conclusion

For the reasons set forth above, the instant petition for habeas relief pursuant to 28 U.S.C. §2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability.

A separate Order will be entered.

Date: 5/9/24

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Judge